F.H. STUTZKE *et al.*, d/b/a Stutzke Excavating and Trucking Company, Plaintiffs-Appellees, v. ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.

Fourth District No. 4—92—0718

Opinion filed March 18, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Diana G. Collins, Special Assistant Attorney General, of Chicago, of counsel), for appellant.

Robert T. Lawley, of Routman & Lawley, Ltd., of Springfield, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

The Illinois Commerce Commission (Commission) appeals from an order of the circuit court of Sangamon County reversing the Commission's order in a civil penalty proceeding against plaintiffs F.H. Stutzke & D.E. Stutzke, d/b/a Stutzke Excavating & Trucking Company (respondents in Commission proceedings) (hereinafter Stutzke Excavating or plaintiffs). The Commission found Stutzke Excavating committed a number of for-hire intrastate moves on 32 days during a period from June 19 through November 29, 1989, in violation of section 18c—4104(b)(1) of the Illinois Commercial Transportation Law (Transportation Law) (Ill. Rev. Stat. 1989, ch. 95½, par. 18c—4104(b)(1)) by hauling asphalt under a license which allowed the hauling of "building materials," but not "road building materials." The Commission fined Stutzke Excavating $12,800. (*Illinois Commerce Comm'n v. F.H. Stutzke & D.E. Stutzke* (Aug. 28, 1991), Ill. Com. Comm'n No. CP—593—MC (Commerce Commission order).) Upon judicial review pursuant to sections 18c—2201 and 18c—2202 of the Transportation Law (Ill. Rev. Stat. 1991, ch. 95½, pars. 18c—2201, 18c—2202), the circuit court reversed the Commission, remanded the cause to the Commission to vacate the civil penalty, and further ordered the Commission to pay plaintiffs attorney fees pursuant to section 10—55(c) of the Illinois Administrative Procedure Act (Procedure Act) (Ill. Rev. Stat. 1991, ch. 127, par. 1010—55(c)).

In this appeal, the Commission asks this court to consider whether the circuit court erred by reversing its decision and awarding plaintiffs attorney fees. We reverse.

In reversing the Commission's order, the circuit court apparently found that order was contrary to Commission regulations. (See Ill. Rev. Stat. 1991, ch. 95½, par. 18c—2202(1)(b).) The circuit court considered the facts that the Commission relied on (1) definitions of "building materials" and "road building materials" contained in "proposed rules" which, at the time of the administrative hearing April 1991 in this case, had not yet been adopted, and (2) on an earlier Commission decision issued May 16, 1991, after the alleged violations in this case (*Illinois Commerce Comm'n v. Gary Robbins* (May 16, 1991), Ill. Com. Comm'n No. CP—463—MC (Commerce Commission order)).

In this appeal, the Commission contends the circuit court erred in reversing the Commission's order because (1) plaintiffs admitted hauling the asphalt on the dates in question, arguing that its license authorized that activity, and (2) although the rules were "proposed" and the *Robbins* decision did postdate the plaintiffs' alleged violations,

there was a long-standing "standard" applied by the Commission to the effect that asphalt was a "road building material" not a "building material." The plaintiffs do not question the authority of the Commission to institute proceedings for violation of its licensing authority.

Absent from the record in this case is the hearing officer's report and the transcript of the evidentiary hearing (while a transcript has been included as exhibit C in the appendix of the Commission's brief, this does not make it part of the record on appeal (see 134 Ill. 2d R. 321)). Nevertheless, the record does disclose that on February 4, 1976, a certificate identified as Ill.C.C. 11081 MC was issued to plaintiffs, whereby plaintiffs were authorized to haul the following commodities:

> "Milk, fuel, livestock, household goods *and building materials* within a twenty-five (25) mile radius of a base point one-half mile south of Galt, Illinois; also, seed, feed, and quarry products within a forty (40) mile radius of a base point one-half mile south of Galt, Illinois; also, ferrous sulphate, soil compound, sulphate products and industrial waste materials containing sulphate within a thirty-five (35) mile radius of Rock Falls, Illinois." (Emphasis added.)

The evidence established that plaintiffs' trucks were conveying cold asphalt for road construction.

The Commission did adopt rules on commodity descriptions effective October 1, 1987 (11 Ill. Reg. 15072–207). The commodity classifications under these rules included "road building materials" under the heading "Aggregates/Quarry Products/Excavated Materials/Road Building Materials." (92 Ill. Adm. Code §1460.100, at 3718 (Supp. 1988).) The classification listed asphalt as a "road building material" only when it was being moved to a road construction site. (92 Ill. Adm. Code §1460.100(c), at 3718 (Supp. 1988).) The commodity description of "Building/Construction Materials" included an extensive list of commodities, including asphalt, but there was a proscription that such commodities were considered to be "a building or construction material only when moving to a building or construction site." (92 Ill. Adm. Code §1460.130, at 3726 (Supp. 1988).) Existing licensees were given three years from the date of the rule to petition the Commission to restate their certificates to conform to the commodity descriptions. (See 92 Ill. Adm. Code §1460.20, at 3715 (Supp. 1988).) These rules were repealed in 1988 (see 12 Ill. Reg. 22172-73 (eff. December 15, 1988)) and were never replaced.

■■ ■ Admitted into evidence at the hearing in the instant case as People's exhibit No. 4 was a "Notice of Proposed Rules" issued by

the Commission (to be codified as title 92, section 1311.10 of the Illinois Administrative Code) and in which "building materials" and "road building materials" were defined as follows:

> "a) Building materials/construction materials include any commodity which will be used, in its present form, in the construction or repair of a building and become a part thereof. A commodity which may be used in the construction or repair of a building, but which may also have another use, can be transported under building material authority only to a building construction site.

* * *

> f) Road building materials include commodities which will be used, in their present form, in the construction or repair of a road. A commodity which may be used in the construction or repair of a road, but which may have another use, can be transported under road building materials authority only to a road construction site. As used in this context 'road' includes parking lots, driveways and airport runways." (15 Ill. Reg. 4195, 4197-98 (proposed March 22, 1991) (proposed as 92 Ill. Adm. Code §§1311.10(a), (f)).)

This rule had not been adopted when the Commission entered its order which is the subject of this appeal. In the *Robbins* case, relied on by the Commission in its order herein, the Commission, without citing any precedent, stated as follows:

> "By well-defined Commission precedent, the delivery of hot asphalt mix for use in road construction does not fall within the definition of 'building material' as contained in the licensed authority." (*Illinois Commerce Comm'n v. Gary Robbins* (May 16, 1991), Ill. Com. Comm'n No. CP—463—MC (Commerce Commission order at 2).)

The plaintiffs here argue it was an abuse of discretion for the Commission to base its definition of "building materials" on rules that had not been adopted as required by the Procedure Act. (See Ill. Rev. Stat. 1991, ch. 127, pars. 1005—10(c), 1005—35(b), 1005—40.) We find, however, that the classifications of "building materials" and "road building materials" involved in this case are not mandatory rules as defined by the statute. (Ill. Rev. Stat. 1991, ch. 95½, pars. 18c—1201, 18c—1202(1), (5), (9); ch. 127, pars. 1003.09, 1005—10(a), 1005—15(a).) This appeal involves the question of whether those definitions should be considered "rules" at all. In *Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 177-81, 470 N.E.2d 1029, 1033-35, the Illinois Supreme Court found a new inflation-update procedure for the Illinois

Department of Public Aid to be a rule and declared it invalid as a result of the agency's failure to follow proper procedure for adopting the rule. Nevertheless, this court has recognized that not all statements of agency policy constitute the adoption of a rule requiring compliance with the Procedure Act. (*Kaufman Grain Co. v. Director of the Department of Agriculture* (1988), 179 Ill. App. 3d 1040, 1047, 534 N.E.2d 1259, 1264.) For example, when an administrative agency interprets statutory language as it applies to a particular set of facts, the rulemaking procedure of the Procedure Act is not invoked. (*Kaufman Grain Co.*, 179 Ill. App. 3d at 1047, 534 N.E.2d at 1264, citing *NLRB v. Wyman-Gordon Co.* (1969), 394 U.S. 759, 22 L. Ed. 2d 709, 89 S. Ct. 1426, and *Board of Trustees, Prairie State College v. Illinois Educational Labor Relations Board* (1988), 173 Ill. App. 3d 395, 412, 527 N.E.2d 538, 549-50.) Another judicially recognized exception, which the Commission urges this court to apply here, was expressed in *City of Chicago v. Illinois Commerce Comm'n* (1985), 133 Ill. App. 3d 435, 447-48, 478 N.E.2d 1369, 1378, as follows:

> "The issue of whether an agency standard should be cast immediately into the mold of a general rule or whether the agency should proceed on a more informal basis adjusting its standards as the need arises was addressed by the United States Supreme Court in *Securities & Exchange Com. v. Chenery Corp.* (1947), 332 U.S. 194, 91 L. Ed. 1995, 67 S. Ct. 1575. There, the court interpreted a statute with the pertinent provisions essentially the same as our own act and concluded that the choice between proceeding by general rule or by individual *ad hoc* litigation is one that lies in the informed discretion of the administrative agency. (Accord, *NLRB v. Majestic Weaving Co.* (2d Cir. 1966), 355 F.2d 854.) Accordingly, we believe it is within the Commission's discretion to develop an interim rate standard without promulgating a rule."

The language of a certificate of authority should be construed in accordance with the ordinary meaning of the words used. (13 C.J.S. *Carriers* §75, at 85 (1990).) Whether the plaintiff violated its authority based upon the evidence in this case is a question of fact. It is clear from the record that the Commission's order was not based on an improperly promulgated rule. The order was not against the manifest weight of the evidence, nor was it arbitrary or capricious.

■ We agree with the Commission that the definitions of "building material" and "road building material" applied in this case are interim standards which may be applied without formal promulgation as a rule. In light of our holding on this issue, it becomes evident that

the circuit court also erred in awarding attorney fees, since such an award can only be made in the event a rule of an agency is invalidated by a court. Ill. Rev. Stat. 1991, ch. 127, par. 1010—55(c) (formerly Ill. Rev. Stat. 1989, ch. 127, par. 1014.1(b)).

Accordingly, we reverse the orders of the circuit court of Sangamon County reversing the order of the Commission and remanding the cause to the Commission to vacate the civil penalty and awarding attorney fees to plaintiffs, and reinstate the Commission's order.

Reversed; Commission order reinstated.

COOK and GREEN, JJ., concur.