SIXTH DIVISION

March 30, 2001

No. 1-99-1478

JOANNE T. BEEHN,  ) Appeal from the

  ) Circuit Court of

Plaintiff,  ) Cook County.

  )

v.  ) 

  )

STEVEN ALAN EPPARD, AMERICAN BOAT CARRI-  )

ERS, INC., PAUL W. CHRISTMAN, J.B. HUNT   )

TRANSPORT, INC., DAVID WILCOX, CASSENS    )

TRANSPORTATION COMPANY and                )

MICHAEL J. PAHLOW,    )

  )

Defendants,  )

  )

(Cassens Transportation Company,  )

  )

Defendant and Counterplaintiff and   )

     Counterdefendant and Appellant and   ) No. 94 L 09340

     Cross-Appellee,    ) 

  )

v.  )

  )

Paul W. Christman and J.B. Hunt Transport,)

Inc.,  )

  )

Defendants and Counterdefendants and )

Appellees and Cross-Appellants;  )

                 )

  )

Steven Alan Eppard and American Boat Car- )

riers, Inc.,    )

  ) The Honorable

Defendants and Counterdefendants and ) Philip A. Fleischman,

Counterplaintiffs-Appellees).  ) Presiding Judge.

JUSTCE BUCKLEY delivered the opinion of the court:

In April 1994, plaintiff Joanne Beehn was involved in a multivehicle traffic accident.  In July 1994, Beehn filed a com-plaint for personal injuries against trucking companies Cassens Transportation (Cassens), J.B. Hunt Transport (Hunt), American Boat Carriers (ABC), and the respective drivers of each truck involved in the April 1994 accident.  Cassens filed a counterclaim for damage to its truck and cargo against Hunt and ABC.  Prior to trial, the court granted a motion 
in limine
 precluding Cassens from introducing evidence relating to its damaged cargo.  The jury found in Cassens' favor with respect to its counterclaim for damage to its truck.  On appeal, Cassens contends that the trial court erred by precluding Cassens from introducing evidence relating to its damaged cargo.  We reverse and remand.

I. BACKGROUND

On April 7, 1994, Steven Eppard was driving an empty boat carrier for ABC.  Eppard was driving eastbound on I-80/94 and approximately four or five seconds behind a blue Cadillac.  Sud-denly, Eppard saw the Cadillac's brake lights illuminate.  Eppard applied his brakes but they locked and he hit the Cadillac.  ABC's truck jackknifed and hit the barrier wall that separates the eastbound and westbound traffic.  This collision triggered a chain reaction.  Both Beehn's car and Hunt's truck, driven by Paul Christman, collided with ABC's truck.  Then, Cassens' truck, driven by David Wilcox, collided with Hunt's truck.  

On July 28, 1994, Beehn filed a complaint for personal injuries against, 
inter alia
, Cassens, ABC, Hunt, and their respective drivers.  Cassens filed a counterclaim against Hunt and ABC, seeking to recover property damage to its truck and the 10 Infiniti J30 automobiles that it carried.  The counterclaim alleged that ABC, Hunt, and their respective drivers failed to act with due care and, as a result, Cassens sustained damage to its truck (totaling $6,344) and cargo (totaling $30,649).

On November 13, 1998, Hunt filed a motion 
in limine
, which ABC joined, seeking to preclude Cassens from introducing evidence that it sustained damage to its cargo.  Primarily, Hunt argued that the owner of the cargo, Nissan Motor Corporation (Nissan), had already received compensation for the cargo through a voluntary payment by Cassens.  Hunt argued that recovery by either a bailor or bailee for damage to bailed property through judgment or settlement bars recovery by the other.  Following oral arguments, the trial court granted Hunt's motion 
in limine
.  

On November 18, 1998, Cassens requested that the trial court reconsider its 
in limine
 ruling.  After hearing oral arguments, the trial court denied Cassens' motion to reconsider.

Shortly before trial, Beehn filed a motion to voluntarily dismiss Cassens and Wilcox from the suit.  However, Cassens' maintained its counterclaim.  After hearing the evidence, a jury found in favor of Beehn and against ABC and Hunt, awarding Beehn $368,493 in recoverable damages.
(footnote: 1)  The jury also found in Cassens' favor with respect to its claim for damages to its truck.  The jury deemed Hunt responsible for 80% of the damages to Cassens' truck and assessed ABC with the remaining 20%.  

On January 4, 1999, Cassens filed a posttrial motion seeking judgment for damages to its cargo.  Specifically, Cassens argued that the trial court erred, as a matter of law, when it barred Cassens' claim and that it was entitled to judgment in light of the jury's determination that Cassens acted without negligence.  At the hearing on its posttrial motion, Cassens orally requested to amend its motion to include a request for a new trial limited to the issues of damages as an alternative to an outright judgment.  Hunt and ABC argued that the trial court properly granted the motion 
in limine
 and that, if the trial court granted Cassens' posttrial motion, it should grant a new trial on all the issues.  The trial court denied Cassens' motion and Cassens filed the instant appeal. 

II. ANALYSIS

A. Jurisdiction

As a threshold matter, ABC claims that we lack jurisdiction over this appeal.  Specifically, ABC notes that the trial court orally denied Cassens' posttrial motion on March 12, 1999, and that Cassens filed an untimely notice of appeal on April 21, 1999.  Cassens disagrees and contends that the trial court's written order, filed March 23, 1999, constituted the court's final judgment.  Therefore, Cassens argues, its April 21, 1999, notice of appeal was timely.  We agree with Cassens. 

Similar circumstances arose in 
Federal Kemper Life Assurance Co. v. Eichwedel
, 266 Ill. App. 3d 88 (1994).  On appeal, the court noted Supreme Court Rule 272, which states in pertinent part as follows: 

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by [the judge], the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed."  134 Ill. 2d R. 272.

After examining the record, the court found:

"The transcript of the hearing indicates that the parties all contemplated that a written order would be required.   Moreover, a written order was submitted to the judge and signed without an objection being raised.  This order states: 

'That this court's judgment of April 28, 1992 in favor of Plaintiff is vacated, set aside and held for naught.' 

We conclude, then, that the judgment became final on April 28, 1992.  Measuring the 30-day filing period from this date, it is clear that Old Republic's motion to vacate was filed within the statutory time limitation."   (Emphasis omitted.)  
Eichwedel
, 266 Ill. App. 3d at 98.

Cassens has appended to its brief a letter purportedly circulated amongst the attorneys indicating that the trial court contemplated that a written order be signed.  However, the letter is not a part of the record.  See 134 Ill. 2d R. 321; 
Stutzke v. Illinois Commerce Comm'n
, 242 Ill. App. 3d 315, 317 (1993) (stating that an appendix is not part of the record and is not considered on appeal).  Nevertheless, we note, as did the court in 
Eichwedel
, that the trial court's order was dated and entered March 23, 1999.  The record contains no objection as to the date, indicating the trial court and parties' intention that a written order would signify the final judgment in the matter.  Further, during oral argument, ABC's counsel conceded that Cassens filed a timely appeal.  Measuring the 30-day filing period from March 23, 1999, we conclude that Cassens' April 21, 1999, notice of appeal was timely. 

B. Standard of Review

The parties disagree as to the proper standard of review.   Cassens contends that we should review the circuit court's 
in limine
 ruling 
de novo
 because that ruling relies upon a conclusion of law.  ABC and Hunt contend that our review should be deferential because it was within the discretion of the circuit court to enter such make such a ruling.

We agree with Cassens.  A motion 
in limine
 is addressed to the trial court's inherent power to admit or exclude evidence.   Generally, we will not disturb the trial court's ruling on a motion 
in limine
 absent a clear abuse of discretion.  
People v. Williams
,  188 Ill. 2d 365, 369 (1999).  However, a trial court must exercise its discretion within the bounds of the law.  
Williams
, 188 Ill. 2d at 369.  Where a trial court's exercise of discretion relies on an erroneous conclusion of law, as Cassens claims, our review is 
de novo
.  See
 
Williams
, 188 Ill. 2d at 369.

C. Pretrial 
In Limine
 Ruling 

Cassens argues that the trial court erred by granting the motion 
in limine
.  ABC and Hunt disagree, arguing Cassens' voluntary payment to Nissan (
i.e.
, payment from bailee to bailor), for damage to Cassens' cargo (
i.e.
, the bailed property), precluded Cassens from recovering damages from ABC or Hunt.  We agree with Cassens.

ABC and Hunt primarily based their motion 
in limine
 on 
Montgomery Ward & Co. v. McBreen & Associates
, 40 Ill. App. 3d 69 (1976).  In 
Montgomery Ward
, the court held that a bailor was precluded from bringing an action against a negligent third party for loss of property where the third party had already settled with the bailee.  The court stated the common-law rule that "either a bailor or bailee may bring an action against a negligent third party for loss or damage to the bailed property; 
but a recovery by one, through either judgment or settlement, will bar an action by the other
."  (Emphasis added.)  
Montgomery Ward
, 40 Ill. App. 3d at 73.  ABC and Hunt renew this argument on appeal.

We find that 
Montgomery Ward
 is inapposite to the facts of the instant case because, here, the bailor's recovery came from the bailee and 
not
 a third-party tortfeasor.  Hunt even concedes in its brief that the effect of payment between bailee and bailor for the acts of a third party is an issue of first impression in Illinois.  If anything, 
Montgomery Ward
 supports Cassens' argument.  The above-quoted language upon which ABC and Hunt rely explicitly contemplates "an action against a negligent 
third
 
party
."  (Emphasis added.)  
Montgomery Ward
, 40 Ill. App. 3d at 73.  American Jurisprudence (Second) similarly observes that "[a] judgment in an action by either the bailee or the bailor 
against a third party
 for *** damage to property that is the subject of a bailment generally precludes a subsequent action by either."  (Emphasis added.)  8A Am. Jur. 2d 
Bailments
  §171, at 618-19 (1997).

We conclude that the trial court erred by granting the motion 
in limine
.  The rationale behind the common-law rule discussed in 
Montgomery Ward
 is to prevent a double recovery.  See 
Mitsui & Co., Inc. v. Hudson Tank Terminals Corp.
, 790 F. 2d 226, 232-34 (2nd Cir. 1986); 
Lamb Brothers v. First State Bank
, 285 Or. 39, 59, 589 P. 2d 1094, 1105 (1979).  A review of the transcript in the instant case indicates that the trial court exhibited a similar concern that Cassens was seeking a double recovery.  However, Cassens' counterclaim did not necessarily pose a double recovery situation.  Cassens paid Nissan approximately $30,000 for the loss of its cargo, thereby making Nissan whole again.  However, at that point, Cassens was down by $30,000.  Cassens' attempt to recover its $30,000 from the actual tortfeasors, who would only have to make one $30,000 payment, did not create the possibility of a double recovery.
(footnote: 2)  In that situation, the innocent parties would be made whole, without a windfall, and the tortfeasors would have paid only once.  Therefore, no double recovery exists here and Cassens is free to pursue its claim against ABC and Hunt.  See 8 C.J.S. 
Bailments
 §120, at 386 n.91 (1988) (stating that where "a bailee has paid [the] bailor [the] value of the property destroyed in bailee's possession[, such payment] does not affect [the] bailees's right of action 
against
 [
the
] 
tort[]feasor
").  (Emphasis added.) 

D. Supreme Court Rule 213

Not withstanding the foregoing, Hunt and ABC argue that we should reject Cassens' cargo damage claim because, at trial, Cassens failed to sufficiently disclose the basis for its claim through Supreme Court Rule 213 (177 Ill. 2d R. 213).  We disagree.  The record indicates that Cassens adequately disclosed the subject matter of the evidence it planned to present in compliance with Supreme Court Rule 213. 

III. CONCLUSION

Based on the foregoing, we find that the trial court erred by granting the 
in limine
 ruling.  We further find that Cassens adequately disclosed the substance of its proffered evidence.  However, we reject Cassens' request that we summarily entered judgment in its favor for the cargo.  As Hunt notes, the jury did not consider the cargo claim and a possibility exists that Cassens failed to properly secure the cars.  We, therefore, remand for a trial limited to damages and liability for Cassens' cargo.

 
 
Reversed and remanded.

Campbell, P.J., and O'Brien, J., concur. 

FOOTNOTES
1: The verdict and judgment relating to Beehn's claims are not at issue in this appeal.

2: 
Of course, a jury finding that Cassens acted negligently would have precluded or reduced its recovery.  However, that did not happen here.  The jury heard no evidence relating to the cargo claim.