THIRD DIVISION

FILED: 12/11/02

No.  1-02-1399

SEYMOUR TAXMAN and DONALD R. MAZZONI, )  Appeal from the

)  Circuit Court of

Plaintiffs-Appellees, )  Cook County 

)

v. )

)

FIRST ILLINOIS BANK OF EVANSTON, not )

individually, but as Trustee under )

Trust Agreement dated September 30, 1958, )

and known as Trust Number 1151, and )

DANIEL F. McCARTHY, not individually, but )

as Directing Beneficiary of the Trust )

Agreement dated September 30, 1958, and )

known as Trust No. 1151, )  Honorable

)  Lester Foreman,

Defendants-Appellants. )  Judge Presiding.

JUSTICE HOFFMAN delivered the opinion of the court:

The defendants, the First Illinois Bank of Evanston, as trustee under a trust agreement dated September 30, 1958, and known as Trust Number 1151 (hereinafter referred to as the "Trust"), and Daniel F. McCarthy, appeal from an order of the circuit court of Cook County which: denied their motion to vacate an arbitration award in favor of the plaintiffs, Seymour Taxman and Donald R. Mazzoni; confirmed the award; and entered judgment thereon.  For the reasons which follow, we affirm.

The material facts giving rise to this litigation are not in dispute.  The Trust entered into an installment agreement with the plaintiffs pursuant to which the plaintiffs were to purchase from the Trust an improved parcel of real property, commonly known as 9933 North Lawler Avenue in Skokie, Illinois.  The agreement is dated May 10, 2000, and was executed on behalf of the Trust by Daniel F. McCarthy in his capacity as "Directing Beneficiary."  The agreement was modified by a letter also dated May 10, 2000, which provided, in part, that any disagreements which might arise between the parties during the term of the agreement would be resolved through binding arbitration.

In May of 2001, a dispute arose between the parties concerning the provisions of the agreement relating to the Trust's obligations to furnish certain documents to the plaintiffs and pay the plaintiffs a monthly co-management fee.  On June 19, 2001, the plaintiffs filed a demand for arbitration with the American Arbitration Association (AAA).

On November 7, 2001, James A. Campion, the AAA arbitrator assigned to resolve the dispute, (hereinafter referred to as the "arbitrator") conducted a preliminary hearing by telephone and, on the following day, entered a scheduling order reflecting that the parties had agreed, among other things, that the hearing of the matter would commence on January 20, 2002.  By that same order, the arbitrator directed that, on or before December 28, 2001, the parties would file a stipulation of uncontested facts and a disclosure of all witnesses reasonably expected to be called to testify at the hearing, and exchange copies of all exhibits, schedules, summaries, diagrams and charts to be used at the hearing.  The order also provided that all deadlines would be strictly enforced and that, after the passage of the deadline, a party would be unable to file a motion except with the arbitrator's permission upon a showing of good cause.

On December 18, 2001, the plaintiffs served a notice for the taking of McCarthy's deposition on December 26, 2001.  On January 3, 2002, the plaintiffs filed a request for sanctions with the arbitrator, asserting that the defendants had failed to provide discovery materials, McCarthy had failed to attend his scheduled deposition, and the defendants had failed to cooperate in the preparation of a stipulation of facts.

By a notice dated January 14, 2002, the arbitrator rescheduled the arbitration hearing to commence on February 1, 2002.  It also appears that the arbitrator extended the discovery cutoff to January 30, 2002.  On January 15, 2002, the plaintiffs served a notice for the taking of McCarthy's deposition on January 28, 2002.

On January 22, 2002, the defendants filed a motion to extend the discovery cutoff date and to continue the scheduled hearing.  In support of their request for a continuance, the defendants alleged as follows:

"3.  Subsequent to the parties teleconference with the arbitrator on December 14, 2001, Respondent Daniel McCarthy became involved in negotiations with a third party concerning the disposition of a substantial unrelated land holding that he owns.  The land in question constitutes a substantial portion of McCarthy's current assets, and the disposition of the land may bear a material impact upon McCarthy's personal estate planning interests.  Respondent McCarthy is currently 83 years old.

4.  Because of Mr. McCarthy's advanced age and the potential impact of the transaction question upon his estate planning, Mr. McCarthy is unable to devote the time and attention required in order to sit for his deposition before January 30, 2002[,] and to thereafter prepare for the February 1, 2002[,] arbitration hearing.

5.  In order to address his attention to the above-referenced competing land transaction and to advance that matter to a point where he can concentrate on the issues raised in the pending arbitration claim, Mr. McCarthy requires an additional month's time."  

The arbitrator denied the defendants' request for a continuance, and the arbitration hearing proceeded as scheduled on February 1, 2002.  Although the record before us does not contain a transcript of the proceedings before the arbitrator on that date, we know from various pleadings contained in the record that the plaintiff Taxman and the defendant McCarthy both testified at the arbitration hearing.  On February 11, 2002, the arbitrator entered an award in favor of the plaintiffs which provides, among other things, that the plaintiffs are entitled to recover $31,333.33 from the defendants and the defendants are required to deliver certain specified documents to the plaintiffs.

On March 5, 2002, the plaintiffs commenced the instant action with the filing of a pleading entitled "Motion for Confirmation and Judgment for Arbitration Award."  The action was filed pursuant to sections 11 and 14 of the Uniform Arbitration Act (Act) (710 ILCS 5/11, 14 (West 2000)) and requested that the circuit court confirm the arbitrator's February 11, 2002, award and enter judgment against the defendants in conformity with that award.  On April 29, 2002, the defendants filed a motion pursuant to section 12(a)(4) of the Act (710 ILCS 5/12(a)(4) (West 2000)), seeking an order vacating the arbitration award by reason of the arbitrator's denial of their motion for a continuance.  On May 10, 2002, the trial court denied the defendants' motion to vacate the arbitration award, granted the plaintiffs' motion to confirm the award, and entered judgment in favor of the plaintiffs in conformity with the award.  Thereafter, the defendants filed a timely notice of appeal.

In urging reversal of the May 10, 2002, order, the defendants argue that the trial court erred in denying their motion to vacate the arbitrator's award.  They assert that they established good cause for a continuance of the February 1, 2002, arbitration hearing and that the arbitrator erroneously refused to postpone that hearing.  In support of their argument, the defendants rely upon section 12(a)(4) of the Act which provides, in relevant part, that:

"12.  Vacating an award.  (a) Upon application of a party, the court shall vacate an award where:

***

(4)  The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor *** or otherwise so conducted the hearing, contrary to the provisions of Section 5, as to prejudice substantially the rights of a party".  710 ILCS 5/12(a)(4) (West 2000).

Our first task in resolving the issue presented by this appeal is to determine the appropriate standard to be applied by a court in determining whether an arbitrator erred in refusing to postpone a hearing.  In Illinois, the determination as to whether to grant a request for a continuance is a matter committed to the sound discretion of the trial court, and its decision in the matter will not be disturbed on review absent a manifest abuse of that discretion.  
In re Marriage of Knoche
, 322 Ill. App. 3d 297, 308, 750 N.E.2d 297 (2001).  Although there is no Illinois authority directly addressing the standard to be employed in determining whether an arbitrator appropriately ruled on a motion for a continuance, we can conceive of no reason to apply any less deferential of a standard than we apply to similar rulings by a trial court.  Judicial review of an arbitration award is even more limited than appellate review of a trial court's decision.  
Rauh v. Rockford Products Corp.
, 143 Ill. 2d 377, 394, 574 N.E.2d 636 (1991).  We believe that this well-established principle supports our conclusion that the decision to grant or deny a continuance of an arbitration hearing rests with the discretion of the arbitrator.

Having determined that an abuse of discretion standard should be applied to an arbitrator's decision to deny a request for a continuance, we must determine whether there is any basis in the record to conclude that the arbitrator in this case abused his discretion in refusing to postpone the February 1, 2002, hearing.

The parties challenging an arbitration award have the burden of proving their contention by clear, strong, and convincing evidence.  
Edward Electric Co. v. Automation, Inc.
, 229 Ill. App. 3d 89, 102, 593 N.E.2d 833 (1992).  Based on the record before us, we find that the defendants did not meet their burden in this regard.

The defendants contend that they established good cause for postponing the February 1, 2002, arbitration hearing and that the arbitrator should have granted their motion for a continuance.  However, the only facts which the defendants asserted before the arbitrator in support of their request for a continuance are those stated in the above-quoted portion of their motion for a continuance.  In their motion, the defendants alleged that McCarthy, an 83-year old man, had become involved in an unrelated transaction with a third party involving real estate which, they asserted, constituted a "substantial" portion of his assets.  The defendants supplied no information as 
to when McCarthy became involved in the unrelated real estate transaction
 or the amount of time that he would be required to devote to that transaction.

An abuse of discretion occurs only if it can be said that no reasonable person would take the position adopted by the trial court (
In re Marriage of Knoche
, 322 Ill. App. 3d at 308) or, in this case, the arbitrator.  We believe that the defendants' failure to furnish detailed information relating to the demands which would be placed on McCarthy's time by reason of the unrelated transaction constitutes a reasonable basis for the arbitrator's refusal to postpone the hearing.

The defendants also contend that they were prejudiced by the arbitrator's failure to continue the arbitration hearing because, after the hearing, McCarthy discovered preliminary drafts of the parties' installment agreement which would have corroborated his testimony as to the intended meaning of the co-management fee clause at issue in the proceeding.  However, the defendants fail to explain why McCarthy was unable to locate those preliminary drafts during the seven months which elapsed between the commencement of the arbitration proceedings and the date of the hearing.

In sum, we find that the defendants have failed to meet their burden of establishing that the arbitrator abused his discretion in denying their motion for a continuance or that the alleged prejudice that they suffered was not the result of their own failure to prepare for the arbitration hearing in a timely manner.  As a consequence, we affirm the trial court's denial of the defendants' motion to vacate the arbitration award.

When, as in this case, a motion to vacate an arbitration award is denied and no other motion to correct or modify the award is pending, the trial court is required to confirm the award (710 ILCS 5/12(d) (West 2000)) and enter judgment in conformity therewith (710 ILCS 5/14 (West 2000)).  We, therefore, affirm the judgment of the circuit court.

Affirmed.

WOLFSON and HALL, JJ., concur.