SIXTH DIVISION

     July 11, 2003

No. 1-02-1699

GAETANO DICOSOLA,

Plaintiff-Appellee,

v.

KARYN BOWMAN,  

Defendant-Appellant.

))))))))))

Appeal from the

Circuit Court of

Cook County

Honorable

Thomas L. Hogan

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff, Gaetano DiCosola, prevailed in the underlying personal injury action against defendant, Karyn Bowman.  Defendant filed a timely appeal, raising the following issues for our consideration: (1) whether the trial court erred when it granted plaintiff's motions 
in limine
 to exclude photographs depicting the apparent minimal damage to plaintiff's postcollision vehicle and prohibiting defendant from arguing, without expert testimony, that a correlation existed between the amount of damage to the vehicle and the extent of plaintiff's injuries; (2) whether the trial court erred when it prohibited defendant from arguing, without expert testimony, that plaintiff's injury was caused by the repetitive use of his arm; (3) whether the trial court correctly granted a directed verdict against defendant on the issue of negligence; and (4) whether the trial court correctly ruled that the evidence deposition fee of plaintiff's treating physician, Dr. Eugene Bartucci, and the related transcript fee for the evidence deposition, be charged to defendant as taxable costs.

BACKGROUND

On March 19, 1997, plaintiff was operating his vehicle in a Dominick's Finer Foods parking lot located at 6630 Ridge Road in Chicago.  Plaintiff was stopped in one of the aisles, waiting for someone to back out of a parking spot.  He had been stopped for approximately 20 seconds when defendant, who was not looking at plaintiff's vehicle, drove her vehicle through a parking space and collided with plaintiff's vehicle.  Defendant admitted seeing plaintiff's vehicle just before she struck it and swerving in an attempt to avoid hitting plaintiff.

Plaintiff sought medical treatment for an elbow injury approximately four weeks after the accident.  He first sought treatment from Dr. Bhatia.  When his condition did not improve, he sought treatment from an orthopedic surgeon, Dr. Eugene Bartucci.  Dr. Bartucci diagnosed plaintiff with medial epicondylitis, commonly referred to as “golfer's elbow.”  Dr. Bartucci administered two cortisone shots over a four-month period, but both failed to be effective as long-term treatment.  Dr. Bartucci suggested physical therapy to attempt to treat the elbow.  Before plaintiff could start treatment, he was involved in a second automobile accident.
(footnote: 1)  Plaintiff began physical therapy in February 1998, which also failed to correct the injury.  After a final cortisone shot was administered and failed to alleviate plaintiff's problems, his only remaining option was surgery.  Plaintiff decided not to pursue that course of treatment.

Plaintiff subsequently filed suit against defendant.  Prior to trial, plaintiff presented several motions 
in limine
, some of which were granted by the trial court.  The parties stipulated that the medical bills in this case are $1,763.  There is no wage loss claim.

Dr. Bartucci's testimony was presented by way of an evidence deposition.  Dr. Bartucci opined that the first collision caused plaintiff's medial epicondylitis and the second collision aggravated that condition.  Dr. Bartucci also concluded that plaintiff's condition is permanent and a significant cause of past and future pain and disability.  Defendant presented no expert witnesses.

On January 16, 2002, a jury returned a verdict in favor of plaintiff and against defendant in the amount of $47,063 plus costs.  Defendant now appeals.

ANALYSIS

The first issue raised on appeal is whether the trial court erred when it granted plaintiff's motions 
in limine
 to exclude (1) evidence as to the dollar amount of property damage to plaintiff's or defendant's vehicle and (2) testimony or photographs regarding the damage to the vehicles.  The trial court agreed with plaintiff that any evidence depicting the apparent minimal damage to plaintiff's postcollision vehicle was irrelevant to any issues before the court.  The court decided that, absent expert testimony, the evidence was inadmissible to show that a correlation existed between the amount of damage to plaintiff's vehicle and the extent of plaintiff's injuries.

The parties disagree as to the standard of review that applies to the trial court's rulings on plaintiff's motions 
in limine
.  Generally, this court reviews a trial court's rulings on a motion 
in limine
 under an abuse of discretion standard. 
Beehn v. Eppard
, 321 Ill. App. 3d  677, 680, 747 N.E.2d 1010, 1013 (2001), citing 
People v. Williams
, 188 Ill. 2d  365, 369, 721 N.E.2d 539, 542 (1999).  Thus, plaintiff contends that our review should be deferential because the admissibility of evidence is committed to the sound discretion of the trial court.  As the 
Beehn
 court further explained, however: “[A] trial court must exercise its discretion within the bounds of the law. [Citation.]  Where a trial court's exercise of discretion relies on an erroneous conclusion of law, *** our review is 
de novo
. [Citation.]” 
Beehn
, 321 Ill. App. 3d at 680-81, 747 N.E.2d at 1013, citing
 Williams
, 188 Ill. 2d at 369, 721 N.E.2d 539.  Defendant, citing 
Beehn
 and 
Williams
, now suggests that our standard of review is 
de novo
 because the trial court's rulings on plaintiff's motions 
in limine
 were based on an erroneous conclusion of law.

The trial court decided that, absent expert testimony, defendant could not admit evidence of the property damage or the vehicle photographs merely to “argue that there is any relationship between the amount of the property damage and the nature and extent of the injury.”  Defendant's argument that the trial court misapplied the law is based on her contention that the trial court was 
required
 to admit the photographs into evidence.  Defendant relies heavily on 
Cancio v. White
, 297 Ill. App 3d. 422, 697 N.E.2d 749 (1998).  The 
Cancio
 court, in concluding that the admission of photographs of a vehicle was proper, stated as follows:

“[T]he photos of plaintiffs' vehicle were relevant to the nature and extent of plaintiffs' damages.  They were relevant because they showed little or no damage, which is something the jury could consider in determining what, if any, injuries [the plaintiffs] sustained as a result of the accident.”
 Cancio
, 297 Ill. App 3d. at 433, 697 N.E.2d at 756.

Although the C
ancio
 court, in 
dicta
, explained why it believed the photographs in that case to be relevant, it did not state that such photographs are always or 
automatically
 relevant.  
Cancio
 did not create a bright line relevancy standard nor did it hold that excluding such evidence constitutes reversible error.  While not explicitly stating the rule, the court in 
Cancio
 acknowledged the rule that the admissibility of photographs is discretionary. 
Cancio
, 297 Ill. App 3d. at 433, 697 N.E.2d at 756, quoting 
Bullard v. Barnes
, 102 Ill. 2d 505, 519, 468 N.E.2d 1228, 1235 (1984)
(
 “'a decision [to admit a photograph] normally rests within the discretion of the trial court' ”).   

Defendant notes that the 
Cancio
 court did not require expert testimony before the photographic evidence was admissible for the purpose of determining plaintiffs' injury, if any, and the nature and extent of that injury.  Nonetheless, the plaintiffs in 
Cancio
 had specifically - and only - argued that the photographs were irrelevant because liability was not in issue.
 Cancio
, 297 Ill. App 3d. at 433, 697 N.E.2d at 756.  The 
Cancio
 court was not presented with, nor did it consider at all, the issue of whether expert testimony should have been required with respect to the admissibility of the photographs.

In further support of her argument that the trial court did not exercise its discretion within the bounds of the law, defendant also relies on 
Maple v. Gustafson
, 151 Ill. 2d 445, 603 N.E.2d 508 (1992).
(footnote: 2)   Defendant, however, overstates the importance of the photographic evidence considered by the M
aple
 court.  
Similar to the 
Cancio
 case, although the court acknowledged the photographs of the plaintiff's postcollision vehicle as evidence considered at trial (
Maple
, 151 Ill. 2d at 458, 603 N.E.2d at 514), the admissibility issue was not squarely before the court.
  But more importantly, unlike the present case, the jury considered expert medical testimony presented by the defendant to show that the plaintiff sustained no injury. 
Maple
, 151 Ill. 2d at 458-59, 603 N.E.2d at 515.  In its opinion, the Illinois Supreme Court never discussed anything related to the admissibility of the photographs. 

Thus, contrary to defendant's contention, no Illinois case
 stands for the proposition that photographs showing minimal damage to a vehicle are automatically relevant and must be admitted to show the nature and extent of a plaintiff's injuries.  There simply is no such bright-line rule that photographs depicting minimal damage to a postcollision vehicle are automatically admissible to prove the extent of a plaintiff's bodily injury or lack thereof.  The trial court here was not required to automatically admit the photographic evidence of the minimal damage to plaintiff's vehicle.  We reject defendant's argument that the trial court here abused its discretion because its decision requiring expert testimony rested on an erroneous conclusion of law.

The trial court granted plaintiff's motion 
in limine
 to exclude the photographs because they were irrelevant to any issues before the court in this case.  “Relevant evidence” is that which has “any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.” 
Wojcik v. City of Chicago
, 299 Ill. App. 3d  964, 971, 702 N.E.2d 303, 309 (1998).  The trial court is “vested with broad discretion to grant a motion 
in limine
 'as part of its inherent power to admit or exclude evidence.' [Citation.]” 
Hawkes v. Casino Queen, Inc.
, 336 Ill. App. 3d  994, 1005, 785 N.E.2d 507, 516 (2003).  A reviewing court will not disturb the trial court's decision to grant a motion 
in limine
 absent a clear abuse of discretion. 
Hawkes
, 336 Ill. App. 3d at 1005, 785 N.E.2d at 516.  
In determining whether there has been an abuse of discretion, this court may not substitute its judgment for that of the trial court, or even determine whether the trial court exercised its discretion wisely.  
Simmons v. Garces
, 198 Ill. 2d  541, 568, 763 N.E.2d 720, 737 (2002).  A reviewing court may find an abuse of discretion only where “no reasonable person would take the position adopted by the trial court.” 
Taxman v. First Illinois Bank of Evanston
, 336 Ill. App. 3d  92, 97, 782 N.E.2d 803, 807 (2002)
.  Applying that standard to the instant case, we conclude that the trial court did not abuse its discretion in granting plaintiff's motions 
in limine 
to (1) exclude evidence as to the dollar amount of property damage to plaintiff's or defendant's vehicle and (2) exclude testimony or photographs regarding the damage to the vehicles.

Moreover, the trial court's decision is consistent with the Illinois Supreme Court in the case of 
Voykin v. DeBoer
, 192 Ill. 2d 49, 733 N.E.2d 1275 (2000).  In 
Voykin
, our supreme court rejected the evidentiary rule known as “the same part of the body rule,” which had essentially provided as follows: “[I]f a plaintiff has previously suffered an injury to the same part of the body, then that previous injury is automatically relevant to the present injury simply because it affected the same part of the body.” 
Voykin
, 192 Ill. 2d  at 57, 733 N.E.2d at 1279.  The 
Voykin
 court described the same part of the body rule as “nothing more than a bright-line relevancy standard.” 
Voykin
, 192 Ill. 2d at 57, 733 N.E.2d at 1279.  In abrogating the same part of the body rule, the 
Voykin
 court criticized this automatic relevancy basis of the rule.  As the court explained “ ' “[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.” ' [Citation.] ” 
Voykin
, 192 Ill. 2d at 57, 733 N.E.2d at 1279.  The 
Voykin
 court instead decided that for evidence of a plaintiff's prior injury to be admissible, the prior injury must make the existence of a fact that is of consequence more or less probable. 
Voykin
, 192 Ill. 2d at 56-57, 733 N.E.2d at 1279.

More importantly, the 
Voykin
 court pointed out that “jurors are not skilled in the practice of medicine.” 
Voykin
, 192 Ill. 2d at 58-59, 733 N.E.2d at 1279.  As the court explained:

“Without question, the human body is complex. * * *  In most cases, the connection between the parts of the body and past and current injuries is a subject that is beyond the ken of the average layperson.  Because of this complexity, we do not believe that, in normal circumstances, a lay juror can effectively or accurately assess the relationship between a prior injury and a current injury without expert assistance.  Consequently, we conclude that, if a defendant wishes to introduce evidence that the plaintiff has suffered a prior injury, whether to the 'same part of the body' or not, the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence.  
This rule applies unless the trial court, in its discretion, determines that the natures of the prior and current injuries are such that a lay person can readily appraise the relationship, if any, between those injuries without expert assistance.
” (Emphasis added.) 
Voykin
, 192 Ill. 2d  at 59, 733 N.E.2d at 1280.

This court has explained that the rationale for requiring a defendant to introduce this expert testimony is “to avoid what amount[s] to the jury forming medical opinions.” 
Hawkes v. Casino Queen, Inc.
, 336 Ill. App. 3d at 1008, 785 N.E.2d at 518 (2003).

The same principles apply to the relationship between damage to a plaintiff's vehicle and the nature and extent of a plaintiff's personal injuries.  Nonetheless, contrary to the dissent's assertion, we are not creating a bright-line rule, we are rejecting a bright-line rule.  To hold, as the dissent suggests, that such photographs are always relevant and admissible, is to create a bright-line rule that expert testimony is never required.  We do not hold that expert testimony must always be required for such photographic evidence to be admissible.  We hold that the trial court 
in this case
 did not abuse its discretion in requiring expert testimony to show a correlation between the extent of the vehicular damage and the extent of plaintiff's injuries.

Nor, as the dissent suggests, was the plaintiff required to offer additional evidence or show that there was no correlation between the property damage to the vehicle and the nature and extent of his injuries.  As our supreme court reiterated in 
Voykin
, a defendant who wishes to introduce evidence as part of his defense is required to “demonstrate that the evidence he wishes to present is relevant to the question at issue.” V
oykin
, 192 Ill. 2d at 56, 733 N.E.2d at 1279.

Interestingly, our research has disclosed a case from another jurisdiction, not cited by the parties, that has addressed the precise issue presented here.  In 
Davis v. Maute
, 770 A.2d 36 (Del. 2001), the Delaware Supreme Court held that a party in a vehicular personal injury case generally may not argue that there is a correlation between the extent of vehicular damage and the extent of a person's injuries caused by the accident in the absence of expert testimony on that issue and may not rely on photographs of the vehicle(s) involved to indirectly accomplish the same purpose.  The 
Davis
 court decided that “[a]bsent such expert testimony, any inference by the jury that minimal damage to the plaintiff's car translates into minimal personal injuries to the plaintiff would necessarily amount to unguided speculation.” 
Davis
, 770 A.2d at 40.  In addition, the 
Davis
 court addressed the argument, similar to that presented by defendant to the trial court in the instant case, that the photographs of the minimal damage to the plaintiff's vehicle were admissible to support a commonsense inference that the plaintiff's complaints were not credible.  The court held that counsel could not rely on photographs of the vehicle(s) involved to accomplish indirectly what the court had already determined was improper argument. 
Davis
, 770 A.2d at 41.

The trial court in the instant case decided that the vehicle photographs were irrelevant.  Irrelevant evidence is not admissible. 
Maffett v. Bliss
, 329 Ill. App. 3d 562, 574, 771 N.E.2d 445, 455 (2002).  The trial court rejected the claim that the photographs were automatically admissible.  We reject defendant's argument that the trial court here abused its discretion because its decision rested on a misapplication of law.
  We conclude that the trial court here did not abuse its discretion because it cannot be said “no reasonable person would take the position adopted by the trial court.”
 Taxman
, 336 Ill. App. 3d at 97, 782 N.E.2d at 807.

The next issue raised by defendant is whether the trial court erred when it prohibited defendant from arguing, without expert testimony, that plaintiff's injury was caused by the repetitive use of his arm.  The trial court granted plaintiff's motion 
in limine
 that no mention or inference be made that anything other than the two automobile accidents caused or aggravated plaintiff's medial epicondylitis and in particular that the condition was caused or aggravated by repetitive motion.  Defendant argues that this ruling was in error because it did not conform to the analysis of alternative causation in 
Voykin v. DeBoer
, 192 Ill. 2d 49, 56, 733 N.E.2d 1275, 1278-79 (2000).  Defendant contends that “there was an abundance of evidence to support that [
sic
] a difference of opinion existed as to the proximate cause of plaintiff's injury.”  We disagree.

Opinion testimony that is purely speculative in nature and based on guess, surmise or conjecture is inadmissible and is tantamount to no evidence at all. 
Poulakis v. Taylor Rental Center, Inc
., 209 Ill. App. 3d 378, 383, 568 N.E.2d 196, 199 (1991).  The only opinion witness in this case, Dr. Eugene Bartucci, explicitly rejected defendant's proposition that plaintiff's injury was caused by his job or a repetitive motion-type activity and opined that the injury was caused by the accident between plaintiff and defendant.  Defendant called no other opinion witness to contradict this evidence and the trial court was well within its discretion to preclude defendant from making such arguments to the jury. See 
Caley v. Manicke
, 29 Ill. App. 2d 323, 329-30, 173 N.E.2d 209, 212 (1961), 
rev'd on other grounds
, 24 Ill. 2d  390, 182 N.E.2d 206 (1962) (cited with approval by 
Voykin
 and explaining that, although other causes of the injury may be a relevant area of inquiry, “the evidence elicited on this cross-examination does not establish even remotely, a possible 'cause' or 'causes' of plaintiff's injuries”).  The trial court properly excluded any argument that repetitive motion was a cause of plaintiff's injury.

The next issue raised by defendant is whether the trial court correctly granted a directed verdict against defendant on the issue of negligence.  A court should grant a directed verdict only where "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." 
Pedrick v. Peoria & Eastern R.R. Co.
, 37 Ill. 2d  494, 510, 229 N.E.2d 504, 513-14 (1967).  The undisputed evidence was that at the time of the accident, plaintiff had been stopped for 15 seconds in an aisle of a parking lot waiting for a vehicle to exit a spot.  Defendant was cutting across two parking spots and not keeping a proper lookout.  The accident occurred when defendant struck the plaintiff on the driver side near the rear of his vehicle.

Every alleged fact cited by defendant in support of her argument that the trial court improperly directed a verdict on the issue of negligence concerns the issue of contributory negligence on the part of the plaintiff.  Contributory negligence, however, is an affirmative defense.  Defendant withdrew her affirmative defenses below and cannot now raise any issues regarding contributory negligence.  There were no factual disputes and defendant has failed to meet her burden under 
Pedrick
.  Taking the evidence in a light most favorable to plaintiff, we conclude that the trial court correctly granted a directed verdict on the issue of negligence in favor of plaintiff.

The last issue raised by defendant is whether the trial court correctly ruled that the evidence deposition fee of plaintiff's treating physician, Dr. Eugene Bartucci, and the related transcript fee for the evidence deposition be charged to defendant as taxable costs.  The answer to this precise question can be found in the recent Illinois Supreme Court case of 
Vicencio v. Lincoln-Way Builders, Inc
., 204 Ill. 2d 295, 789 N.E.2d 290 (2003).  In 
Vicencio
, our supreme court held that “a trial court is neither required by section 5-108 [of the Code of Civil Procedure (735 ILCS 5/5-108 (West 2000))] nor permitted by other statute or rule to tax as costs to the losing party the professional fee charged by a nonparty treating physician for attending an evidence deposition.” 
Vicencio
, 
204 Ill. 2d at 311, 789 N.E.2d at 299-300
.  Therefore, we reverse that portion of the trial court's award of costs in the amount of $1,000 for the evidence deposition fee of plaintiff's treating physician, Dr. Eugene Bartucci.

The 
Vicencio
 court also addressed the distinction between the professional fees of the expert witness and those fees that are mentioned in Illinois Supreme Court Rule 208(a) (134 Ill. 2d R. 208(a)), specifically those of the videographer and the court reporter who attended the evidence deposition. 
Vicencio
,
 
204 Ill. 2d at 308, 789 N.E.2d at 298
.
  
 The court held that the latter fees were among those that the trial court had the discretion to award provided that the deposition was necessarily used at trial. 
Vicencio
,
 
204 Ill. 2d at 308, 789 N.E.2d at 298
.
  Illinois Supreme Court Rule 208(a) (134 Ill. 2d R. 208(a)) also mentions the charges for transcription of the deposition; thus, this cost is also recoverable at the discretion of the trial court, provided that the deposition was necessarily used at trial.  As 
Vicencio
 further clarified: “A deposition is necessarily used at trial only when it is relevant and material and when the deponent's testimony cannot be procured at trial as, for example, if the deponent has died, has disappeared before trial, or is otherwise unavailable to testify.” 
Vicencio
, 204 Ill. 2d at 308, 789 N.E.2d at 298.  Similar to the situation in 
Vicencio
, we cannot determine from the record whether the evidence deposition of Dr. Bartucci was used at trial as a matter of necessity or merely as a matter of convenience.  We therefore vacate that portion of the judgment awarding $312.10 for the evidence deposition transcript fee and remand this case to the trial court to determine whether the transcript fee related to the evidence deposition may be taxed as costs to defendant.

CONCLUSION

In conclusion, we affirm the trial court's decision granting plaintiff's motions 
in limine
 and  directing a verdict against defendant on the issue of negligence.  We reverse that portion of the judgment taxing as costs to defendant the $1,000 evidence deposition fee of plaintiff's treating physician, Dr. Eugene Bartucci.  We vacate that portion of the judgment awarding $312.10 for the evidence deposition transcript fee and remand this case to the trial court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and vacated in part; cause remanded.

O'BRIEN, P.J., concurs.

O'MARA FROSSARD, J., dissents.

JUSTICE O’MARA FROSSARD, dissenting:

In affirming the trial court’s decision
 excluding evidence of the minimal damage to plaintiff’s vehicle, the majority has, in addition to a relevancy requirement, created a new requirement of 
expert
 testimony as a prerequisite for admitting such evidence.  I am concerned that this opinion will be interpreted as creating the following bright line rule: if a defendant wishes to minimize the injury to a plaintiff's person by offering evidence of minor damage to plaintiff's vehicle, then the defendant must introduce 
expert 
testimony demonstrating why the damage to plaintiff's vehicle is relevant to the nature and extent of plaintiff's injury.  While there may be a factual scenario where expert testimony regarding that correlation should be required, this is not that case.  Defendant introduced evidence, albeit non-expert evidence, demonstrating why minimal damage to plaintiff’s vehicle was relevant to the nature and extent of plaintiff’s injuries.  In the factual context of this case, there is no reason to depart from ordinary relevancy principles as a prerequisite for admitting such evidence.  Based on ordinary principles of relevancy, the trial court abused its discretion in excluding evidence and photographs offered by defendant depicting minimal damage to plaintiff’s vehicle and prohibiting defendant from arguing that a correlation existed between the amount of damage to the vehicle and the extent of plaintiff’s injuries. 

In support of the 
expert
 testimony requirement the majority relies on 
Voykin v. DeBoer
, 192 Ill. 2d  49 (2000).
  
Voykin
 did not address the issue in the instant case, namely, the correlation or relationship between the extent of damage to plaintiff’s vehicle and the extent of plaintiff’s personal injury.  
Voykin
 addressed the relationship between a prior injury and a current injury in the context of a personal injury case. 
 In analyzing that relationship, 
Voykin
 noted, “jurors are not skilled in the practice of medicine.”  
Voykin
, 192 Ill. 2d at 58-59.
  Recognizing that “the connection between the parts of the body and past and current injuries is a subject that is beyond the ken of the average layperson,” the court in 
Voykin
 concluded that “[b]ecause of this complexity, we do not believe that, in normal circumstances, a lay juror can effectively or accurately assess the relationship between a prior injury and a current injury without expert assistance.”  
Voykin
, 192 Ill. 2d at 59. 
 The complexity recognized in 
Voykin
 requires expert assistance to aid jurors in resolving the issues presented by the relationship between a prior and current injury.  However, the analogy to 
Voykin
 fails because the facts of the instant case do not present the complex relationship recognized in 
Voykin 
which required expert testimony to assist the jury.

Plaintiff argues in his brief that “medial epicondylitis and the force of impact required to create that condition is a difficult relationship to understand.  Complicated issues dealing with medicine and physics engulf that relationship and it is certainly not within the common experience and understanding of a layperson.”  A witness, expert or otherwise, never offered that opinion or described the relationship as complicated.  Plaintiff’s expert did not indicate that in his opinion there was no correlation between the extent of vehicular damage and the nature and extent of plaintiff’s injuries.  The record does not reflect that the relationship between the minimal damage to plaintiff’s vehicle and the extent of plaintiff’s injuries is a complex subject that is beyond the ken of the lay juror requiring expert assistance in order for the juror to effectively or accurately assess.

Based on the complexity of the connection between the parts of the body and past and current injuries, 
Voykin
 
held “if a defendant wishes to introduce evidence that the plaintiff has suffered a prior injury, whether to the ‘same part of the body’ or not, the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence.  This rule applies unless the trial court, in its discretion determines that the natures of the prior and current injuries are such that a lay person can readily appraise the relationship, if any, between those injuries without expert assistance.” 
 Voykin
, 192 Ill. 2d at 59.

The majority concludes, “The same principles apply to the relationship between damage to a plaintiff’s vehicle and the nature and extent of a plaintiff’s personal injuries.”  Slip op. at 9.  Applying those principles, the rule created by the majority requires that a defendant must introduce 
expert
 evidence demonstrating why the minimal damage is relevant, if the defendant wishes to introduce evidence depicting minimal damage to plaintiff’s vehicle.  This rule applies unless the trial court in its discretion determines that a lay person can readily appraise the relationship if any, between the minimal damage to plaintiff’s vehicle and the extent of plaintiff’s injuries without expert assistance.  Superimposing the 
Voykin
 rule in the factual context of this relatively simple soft tissue personal injury case is not supported by the record.  The complexity recognized in 
Voykin
 resulting in the need for expert testimony is non-existent in the instant case.  There is no reason in the factual context of this case to depart from ordinary relevancy principles as a prerequisite for admitting evidence.

In the factual context of this case, the defendant offered evidence, albeit not expert evidence, demonstrating why damage to the plaintiff’s vehicle was relevant.  Credibility issues were especially significant in light of plaintiff’s delay in symptoms and treatment together with the subjective nature of his complaints.  On March 19, 1997, the date of the first accident, which is the subject of this case, plaintiff had been stopped for approximately 20 seconds in the Dominick’s parking lot before impact.  Defendant drove her vehicle through a parking space and collided with plaintiff’s vehicle.  When the impact occurred, plaintiff could not state whether he hit his elbow on the steering wheel or whether he was straining his elbow.  Plaintiff was not cut or bleeding.  He did not tell the police he was injured.  After the accident, plaintiff went on a three-week vacation to Florida.  He drove his vehicle to Florida.  He first sought medical attention four weeks later.  Plaintiff’s motion 
in limine
 prevented the jury from viewing photos truly and accurately reflecting the plaintiff’s vehicle as the result of the impact.  Plaintiff’s motion 
in limine 
prevented the jury from considering photos showing little or no damage in determining what if any injuries plaintiff sustained as a result of the accident.

Three months later, plaintiff’s expert witness, Dr. Bartucci, diagnosed plaintiff with medial epicondylitis, commonly referred to as golfer’s elbow.  Golfer’s elbow could be caused by repetitive motion or use of the elbow or overuse activity.  The plaintiff owned and operated laundry mats.  Plaintiff’s job activities included cleaning the laundry mats, emptying out money machines, and filling pop machines.  Nothing in Dr. Bartucci’s notes indicated there was anything that hit or impacted plaintiff’s elbow in any way during the accident.  Based on the history provided by plaintiff, Dr. Bartucci related the medial epicondylitis to the automobile accident in March 1997. 
 However, Dr. Bartucci also indicated the plaintiff’s medial epicondylitis could have been work related from overuse.  Clearly, plaintiff’s credibility was in issue.  Plaintiff’s injury was aggravated by another vehicle accident in February 1998.  In the instant case, treatment for the soft tissue injury included cortisone shots, 12 physical therapy sessions, and use of an elbow brace.  The medical bills were $1,763. 

Jurors in this state, without expert testimony, by using their common sense and everyday experience, have considered testimony and evidence regarding the impact of vehicle collisions in determining the nature and extent of a plaintiff’s injuries.  Jurors in this state, without expert testimony, using their common sense and everyday experience, have considered photos of a plaintiff’s vehicle in determining the nature and extent of plaintiff’s damages, including personal injury.  Such photos and evidence have historically been regarded as relevant to the nature and extent of plaintiff’s damages absent expert testimony.  Jurors without expert testimony have considered photographic evidence in determining the minor nature of the impact in connection with evaluating a plaintiff’s credibility.  

For example, in 
Maple v. Gustafson
, the Illinois Supreme Court recognized that photographic evidence reflected on plaintiffs’ credibility and demonstrated the minor nature of the impact as follows: “The credibility issues in this trial were especially significant in light of

plaintiffs’ delay in symptoms and treatment, the subjective nature of their complaints, the photographic evidence showing the minor nature of the impact, and Dr. Frederick’s findings.”  
Maple v. Gustafson
, 151 Ill. 2d 445, 460 (1992).  Similar to 
Maple
, in the instant case, credibility issues were especially significant in light of plaintiff’s delay in symptoms and treatment and the subjective nature of his complaints. 

In 
Cancio v. White
, 297 Ill. App. 3d 422 (1998), we recognized that photos of a plaintiffs’ vehicle were relevant to the nature and extent of plaintiffs’ injuries.  Although the issue of whether expert testimony should have been required as a prerequisite for admissibility of the photographs of the plaintiffs’ 
vehicle was not raised in 
Cancio
, relevancy of the photos, as well as the nature of plaintiffs’ injuries, were clearly in issue.  Similar to 
Cancio
, relevancy of the photos and the nature of plaintiff’s injuries are clearly in issue in the instant case.
  In 
Cancio
, the only witnesses were the plaintiffs and a neurosurgeon called by the plaintiffs.  Similar to 
Cancio
, in the instant case, plaintiff relied on his own testimony and the evidence provided by Dr. Bartucci.  In 
Cancio
, as in the instant case, no expert was provided by the defendant.  In both 
Cancio
 and the instant case, the credibility of plaintiff and the nature and extent of plaintiff’s injuries were in issue.
  Regarding the relevancy of the photos of plaintiffs’ vehicle, in 
Cancio
 we concluded as follows:

     “In the instant case, the photos of plaintiffs’ vehicle were relevant to the nature and extent of plaintiffs’ damages.  They were relevant because they showed little or no damage, which is something the jury could consider in determining what, if any, injuries [plaintiffs] sustained as a result of the accident.  Accordingly, we find that admission of the photos was proper.”  
Cancio
, 297 Ill. App. 3d at 433.

There is no reason to depart from that analysis in the context of this case.  There is no reason to depart from ordinary relevancy principles in the instant case.  As in 
Cancio
, the photos of plaintiff’s vehicle were relevant to the nature and extent of plaintiff’s injuries.  They were relevant because they showed little or no damage, which is something the jury should have been allowed to consider in determining what, if any, injuries plaintiff sustained as a result of the accident. 
 Plaintiff had the opportunity when arguing the motion 
in limine
 to provide evidence or an offer of proof that there was no relevancy correlation between the extent of vehicular damage and the nature and extent of plaintiff’s injuries.  Plaintiff offered no such evidence.  Plaintiff’s expert offered no such opinion regarding lack of correlation.  Plaintiff had the opportunity to demonstrate the photos were not relevant.  Plaintiff failed to do so.  Plaintiff failed to demonstrate a complex relationship which required expert testimony to assist the jury.  

I am well aware that a defendant who wishes to introduce evidence is required to “demonstrate that the evidence he wishes to present is relevant to the question at issue.”  
Voykin
, 192 Ill. 2d at 56; Slip op. at 9.  In the instant case, defendant satisfied relevancy and foundational requirements for admission of the photographs.  Contrary to the majority’s assertions, I am not suggesting that “photographs are always relevant and admissible,” nor am I suggesting a bright line rule that expert testimony should never be required as a prerequisite for photographs to be admissible.  Slip op. at 9. A proper foundation is a prerequisite for admission of photographs.  Relevance is a prerequisite for admission of photographs.  The record indicates the photos truly and accurately reflect the condition of the vehicle as the result of the accident, and similar to 
Cancio,
 the record demonstrates that the photographic evidence was relevant.  When, as in the instant case, plaintiff’s credibility and the nature and extent of plaintiff’s injuries are in issue, photographic evidence is relevant.  
Maple
, 151 Ill. 2d at 460; 
Cancio, 
297 Ill. App. 3d at 433. 

The majority opinion will be interpreted as requiring expert testimony if a defendant wishes to challenge plaintiff’s personal injury by showing the minor damage to plaintiff’s vehicle.  Based on that interpretation, in every case regardless of whether the plaintiff calls an expert, if the defendant wants to admit photographic evidence to challenge the injury to plaintiff’s person by showing minor damage to plaintiff’s vehicle, defendant will be required to present expert testimony regarding the correlation between plaintiff’s injuries and damage to plaintiff’s vehicle or risk exclusion of that evidence.  Under this rule, if defendant wants to elicit direct testimony from the parties about the nature of the impact, defendant will be required to present expert testimony regarding the correlation between plaintiff’s injuries and the nature of the impact, or risk exclusion of that evidence.  This rule flies in the face of common sense and everyday experience.

I am well aware of the trial court’s discretion to grant a motion 
in limine
 inherent in its power to admit or exclude evidence.  In the factual context of the instant case, based on ordinary relevancy principles it was an abuse of discretion to refuse to admit photographs and evidence depicting the minimal damage to plaintiff’s vehicle.  Requiring expert testimony as a prerequisite to finding the photographs and evidence relevant was not supported by the record.  In the instant case, where plaintiff’s credibility and the nature and extent of plaintiff’s injuries are in issue, the photos were relevant because they showed little or no damage, which is something the jury could consider in determining what, if any, injuries plaintiff sustained as a result of the accident.  
Maple
, 151 Ill. 2d at 460; 
Cancio
, 297 Ill. App. 3d at 433.
  Nothing in this record indicates the correlation between the extent of vehicular damage and the nature and extent of plaintiff’s injuries is a complex subject that is beyond the ken of the lay juror.  In the factual context of the instant case, the correlation between the extent of vehicular damage as reflected by photographic evidence and the nature and extent of plaintiff’s injuries is such that a lay person can readily discern the relationship, without expert assistance.  Based on the evidence, including plaintiff’s delay in symptoms and treatment together with the subjective nature of his complaints, the jury without expert assistance, using common sense and everyday experience, should have been allowed to consider photographic evidence in evaluating the relationship between the minor nature of the impact and the nature and extent of plaintiff’s injuries.  

A lay juror, in the context of this case, could effectively and accurately assess the relationship between the extent of vehicular damage and the nature and extent of plaintiff’s injuries, using common sense and everyday experience.  Jurors have demonstrated their ability to make these kinds of determinations in thousands of cases without expert testimony.  Under ordinary relevancy principles, the photos and evidence depicting minimal damage to plaintiff’s vehicle should have been admitted and considered by the jurors.  The rule created by the majority in the instant case undermines the role of the jury to make determinations regarding relevant evidence based on common sense and everyday experience.  I respectfully dissent.

FOOTNOTES
1:
The underlying action involved both automobile accidents.  The jury returned a verdict in favor of the defendant involved in the other accident.

2:
Defendant has cited other cases, all of which are inapposite.