Rule 23 order filed
August 19, 2008;
Motion to publish granted
September 29, 2008.

NO. 5-07-0433

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| ELLEN FRONABARGER, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Madison County. |
| | ) |
| v. | ) No. 05-L-1141 |
| | ) |
| EDITH BURNS, | ) Honorable |
| | ) Nicholas G. Byron, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

The plaintiff, Ellen Fronabarger, appeals from an order of the circuit court of Madison County that entered a judgment in her favor and against the defendant, Edith Burns, pursuant to a jury verdict. On appeal, the plaintiff raises two issues, which we restate as follows: (1) whether the trial court erred in allowing into evidence, without expert testimony, photographs of the parties' vehicles following the accident and (2) whether the trial court erred in allowing the defendant's expert's testimony regarding the photographs, the damage to the vehicles, and the plaintiff's corresponding injury. For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

On November 4, 2005, the plaintiff filed a one-count complaint in the circuit court of Madison County, alleging that the defendant was negligent when she rear-ended the plaintiff, causing the plaintiff injury. The plaintiff sought damages in excess of $50,000. Beginning on May 14, 2007, a two-day jury trial was held, where the following evidence was adduced.

On November 29, 2003, at approximately 11:30 a.m., the plaintiff's vehicle, while

1

stopped at the intersection of State Aid 35 and Route 111, was struck from the rear by the defendant's vehicle. The plaintiff intended to turn right at this intersection but was stopped because the light was red. The defendant was traveling on State Aid 35, and she also intended to turn right onto Route 111. The defendant testified she saw that the light was red and slowed down. She looked to the left, checking the traffic on Route 111. When she looked back, she was surprised to see the plaintiff's car still stopped at the light. She slowed but failed to come to a complete stop and struck the plaintiff's vehicle. The defendant described the force of the impact as being similar to a car's front wheels hitting a concrete parking block while parking. She estimated that she was traveling under 14 miles per hour when the accident occurred, because her air bags did not deploy. The defendant testified that only her front bumper was involved in the accident, that her car did not have any damage, and that she observed minor damage to the plaintiff's vehicle.

The plaintiff described the force of the impact as "just a push" that made her body move forward. She had no warning and was unaware that the defendant's vehicle was going to hit her vehicle. She was wearing her safety belt and did not hit any part of her body against the inside of her car or lose consciousness as a result of the accident. Her vehicle had scratches on the bumper and the bumper was pushed forward. She testified that she felt stiff immediately after the accident but did not think she was hurt. After the accident, she went to her scheduled hair appointment and worked her regular shift. She also worked her regular shift the following day.

On December 1, 2003, two days after her accident, the plaintiff "could not get out of bed" because of her back pain. She saw Dr. Shipley, a chiropractic physician, on that day. Shipley testified that he diagnosed the plaintiff's lower back pain as radiculopathy. Shipley also testified that the plaintiff had degenerative disc disease and degenerative joint disease which predated the accident. The plaintiff had three treatments a week for six months and

2

then two treatments a week for six more months. The plaintiff's last treatment was on December 22, 2004. Shipley instructed the defendant not to lift heavy objects and to sit when possible. Shipley testified that he believed, within a reasonable degree of chiropractic certainty, that the November 29, 2003, accident caused the plaintiff's symptoms. The total bill for the treatment was $10,225. Throughout her treatment, the plaintiff was able to work. Three weeks after the accident, she returned to her bowling league three nights a week, playing two games each night. Five weeks after the accident, she began bowling three games a night, three nights a week.

During the trial, the defendant presented a series of photographs. Two of the photographs were of the defendant's car after the accident. The defendant testified that these pictures fairly and accurately depicted the way her car looked following the accident. The defendant also presented two other pictures; these pictures were of the plaintiff's car after the accident. The plaintiff stated that these pictures fairly and accurately depicted the plaintiff's vehicle following the accident. The photographs depicted no damage to the defendant's car and minor damage to the plaintiff's bumper. The plaintiff objected to the admissibility of the photographs, and the circuit court overruled the objection, allowing the photographs to be admitted into evidence.

The last witness to testify was the defendant's expert, Dr. Karen Pentella, via an evidence deposition. Pentella, who is board-certified in neurology and pain medicine, reviewed the plaintiff's medical records and conducted an independent physical and neurological examination of the plaintiff on September 13, 2006. She did not find any abnormalities in the plaintiff's neck, thoracic spine, or lumbar spine or irritation of the sciatic nerve. She testified that the plaintiff's lower back was tender in the midline and lumbar regions. Her review of Shipley's records revealed that the plaintiff had degenerative disc disease and degenerative joint disease. Pentella testified that these degenerative diseases

3

would have predated the accident and that the degenerative joint disease could have caused the pain in the plaintiff's lower back. Pentella opined that the plaintiff did not suffer any significant or permanent injury as a result of the accident and that the plaintiff will not need any more medical treatment. She testified that she was unable to determine if the plaintiff suffered from a soft tissue injury, which usually lasts not longer than 6 weeks, because she examined the plaintiff 2 years and 10 months after the accident.

In addition to reviewing the records in this case, Pentella also reviewed the photographs of the defendant's and plaintiff's vehicles. Pentella testified that the photographs were significant because the vehicles in them showed no damage. Pentella testified as follows:

"Q. [Defense attorney:] Okay. And Doctor, in looking at those photographs that I think have previously–one has been previously marked–or actually we'll mark it as Defendant's Exhibit Number 4.

MS. BARBIERI [plaintiff's attorney]: Your Honor, just for the record, I will again renew my objection to admissibility of the photographs as irrelevant and beyond the scope of this doctor's training and expertise.

THE COURT: Overruled.

Q. Doctor, what significance, if any, were the photographs to you in your evaluation?

A. Well, the significance to me is that they show no damage to the vehicle. So, the first indication of the amount of force that Ms. Fronabarger sustained at the time of the impact would be given to me by looking–by knowing how much damage was done to the vehicle, because that's going to be the first place where the force is felt. And if the vehicle doesn't sustain any evidence of an impact, then it's not likely that the people in the vehicle are going to have significant evidence of an impact."

4

On cross-examination, Pentella testified that she had training in biomechanics while an undergraduate. She also testified that while she does not have a degree in biomechanics, knowledge of biomechanics is necessary for doctors treating patients with conditions that affect the spine. Pentella testified that form distortions, elasticity tests, crash test information, and energy-absorbing bumper information did not factor into her opinion about the damage done to the vehicles and the injury sustained by the plaintiff.

On redirect, Pentella testified that when a person is involved in a rear-end collision, the neck is more likely to suffer strain or injury than the lower back, because the lower back is restrained by the lap belt and the shoulder harness. She testified that a great impact would be needed between the vehicles to injure the lower back. From looking at the pictures, Pentella testified that she did not see any evidence of impact. The plaintiff objected to this testimony, which the courted noted.

The jury returned a verdict in favor of the plaintiff in the amount of $3,141. The plaintiff now appeals.

ANALYSIS

The first issue raised on appeal is whether the trial court erred in admitting, without expert testimony, photographs of the parties' vehicles following the accident. It is within the discretion of the trial court to decide whether evidence is relevant and admissible. *Ferro v. Griffiths*, 361 Ill. App. 3d 738, 742 (2005). Evidence is relevant if it has " 'any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.' " *DiCosola v. Bowman*, 342 Ill. App. 3d 530, 535 (2003) (quoting *Wojcik v. City of Chicago*, 299 Ill. App. 3d 964, 971 (1998)). A trial court's decision to admit evidence will not be reversed absent an abuse of discretion. *Jackson v. Seib*, 372 Ill. App. 3d 1061 (2007). A trial court abuses its discretion when "no reasonable person would take the position adopted by the trial court." *Ferro*, 361 Ill. App.

5

3d at 742.

The plaintiff argues that absent expert testimony on the correlation between vehicular damage and plaintiff's injuries, photographs of the parties' damaged vehicles is inadmissible, citing *Baraniak v. Kurby*, 371 Ill. App. 3d 310, 318 (2007). The appellate court has rejected the notion that these photographs are always admissible or that expert testimony is always necessary. *Jackson*, 372 Ill. App. 3d at 1070; *DiCosola*, 342 Ill. App. 3d at 537; *Ferro*, 361 Ill. App. 3d at 743. The court in *Ferro* stated that a trial court has to determine "whether the photographs make the resulting injury to the plaintiff more or less probable" and "whether the nature of the damage to the vehicles and the injury to the plaintiff are such that a lay person can readily assess their relationship, if any, without expert interpretation." *Ferro*, 361 Ill. App. 3d at 742. This is an evidentiary question that is left to the discretion of the trial court. *Ferro*, 361 Ill. App. 3d at 742.

In this case, we cannot say that the trial court abused its discretion by admitting the photographs without expert testimony. Upon a review of the pictures and the record of the proceedings, we find that a jury could assess the relationship between the damage to the vehicles and the injury to the plaintiff without the aid of an expert. The photographs were introduced to show why minimal damage to the vehicles was relevant to the nature and extent of the plaintiff's injuries. In this case, the plaintiff sought chiropractic treatment for an entire year for her lower back pain, while she was still able to participate in her bowling league three nights a week. The photographs depicted relatively minor damage to the plaintiff's vehicle and no damage to the defendant's vehicle. The trial court could properly have found that the photographs were relevant to prove that the plaintiff's injury was more probable or less probable. Accordingly, the trial court did not abuse its discretion.

The remaining two arguments in the plaintiff's brief can be combined into one argument that the trial court erred in admitting Pentella's testimony showing a correlation

6

between the photographs and the plaintiff's injuries. The plaintiff argues that the trial court should not have allowed the defendant's expert to testify that "if the vehicle doesn't sustain any evidence of an impact, then it's not likely that the people in the vehicle are going to have significant evidence of an impact." The plaintiff argues that the defendant failed to lay a foundation because Pentella was not qualified to give testimony regarding the damage to vehicles correlating with the injury to the plaintiff.

An expert opinion is admissible if "the expert is qualified by knowledge, skill, experience, training, or education in a field that has 'at least a modicum of reliability,' and if the testimony would aid the jury in understanding the evidence." *Hiscott v. Peters*, 324 Ill. App. 3d 114, 122 (2001) (quoting *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 308 Ill. App. 3d 789, 799 (1999)). The admission of expert testimony requires the proponent to lay an adequate foundation establishing that the information on which the expert bases her opinion is reliable. *Hiscott*, 324 Ill. App. 3d at 122. If a proper foundation has been laid, the expert's testimony is admissible, but the weight to be assigned to that testimony is for the jury to determine. *Wiegman*, 308 Ill. App. 3d at 799. The admission of expert testimony is within the discretion of the trial court and will not be reversed unless the trial court abused its discretion. *Martin v. Sally*, 341 Ill. App. 3d 308, 315 (2003).

In this case, the defendant laid a proper foundation for Pentella's expert testimony. Pentella is a graduate of Ohio State University, School of Medicine, and she is board-certified in both pain medicine and neurology. She testified that as a neurologist she has experience in treating patients injured in automobile accidents. She also testified that she had reviewed the plaintiff's medical records and the vehicle photographs and that she had performed an independent medical examination on the plaintiff. Pentella based her testimony on her observation and experience as a doctor who treats patients injured in automobile accidents. "Illinois case law is replete with physicians who have testified, based on

7

observation and experience, regarding their opinion of whether a claimant was injured." *Jackson v. Seib*, 372 Ill. App. 3d 1061, 1073 (2007).

The plaintiff relies on *Martin v. Sally*, 341 Ill. App. 3d 308 (2003), in which the appellate court held that an accident reconstructionist's testimony based on generalities and not the specific facts lacked foundation. In *Martin*, the expert failed to consider the plaintiff's weight, height, and age. The expert also failed to consider how extensive the plaintiff's preexisting injuries were or whether the plaintiff wore a seat belt. In this case, however, when determining the severity of the plaintiff's preexisting degenerative conditions, Pentella considered the plaintiff's weight and age. Pentella also testified that the seat belt worn by the plaintiff probably reduced the chances of the plaintiff injuring her lower back. Further, in *Martin*, while the court found error, it did not find that the error was prejudicial or that the result of the trial was materially affected. *Martin*, 341 Ill. App. 3d at 316. The testimony of the accident reconstructionist did not affect the outcome of the trial because the testimony of the other expert witnesses supported the jury's verdict. *Martin*, 341 Ill. App. 3d at 316. In that case, Dr. Delheimer, a neurosurgeon, examined the plaintiff and reviewed the medical records. He believed that the plaintiff's surgery had no causal relationship to the automobile accident. Delheimer based his belief, in part, on the lack of damages to the vehicles, as shown by the photographs. In this case, Pentella based her opinions regarding the plaintiff's injury on her examination of the plaintiff, her review of the records, and in part, on the lack of damage to the vehicles as depicted in the photographs. The trial court did not abuse its discretion in allowing Pentella's testimony regarding the damages done to the vehicles, as depicted in the photographs, and the plaintiff's corresponding injury.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby affirmed.

8

Affirmed.

WEXSTTEN and DONOVAN, JJ., concur.

NO. 5-07-0433

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| ELLEN FRONABARGER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 05-L-1141 |
| | ) | |
| EDITH BURNS, | ) | Honorable |
| | ) | Nicholas G. Byron, |
| Defendant-Appellee. | ) | Judge, presiding. |

---

**Rule 23 Order Filed:** August 19, 2008
**Motion to Publish Granted:** September 29, 2008
**Opinion Filed**: September 29, 2008

---

**Justices**: Honorable Thomas M. Welch, J.

Honorable James M. Wexstten, J., and
Honorable James K. Donovan, J.,
Concur

---

**Attorneys for Appellant**: Ms. Jennifer L. Barbieri, Mr. Thomas C. Rich, Thomas C. Rich, P.C., 6 Executive Drive, Suite 3, Fairview Heights, IL 62208

---

**Attorneys for Appellee**: Martin K. Morrissey, Dominique N. Seymoure, Tara I. English, Reed, Armstrong, Gorman, Mudge & Morrissey, P.C., 115 N. Buchanan, P.O. Box 368, Edwardsville, IL 62025

---